IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jose Angel Herrera, #333836, | ) | Civil Action No. 6:15-505-MBS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Jose Angel Herrera ("Petitioner") is an inmate in the custody of the South Carolina Department of Corrections, serving a life plus five years sentence following a conviction for murder and possession of a weapon during a violent crime. Petitioner is currently housed at the Lieber Correctional Institution in Ridgeville, South Carolina. On February 2, 2015, Petitioner filed a pro se petition for a writ of habeas corpus ("Habeas Petition") pursuant to 28 U.S.C. § 2254, alleging the violation of his rights protected by the United States Constitution. ECF No. 1. Respondent Joseph McFadden ("Respondent") opposes Petitioner's petition and moves for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure. ECF No. 26. Petitioner filed a response in opposition to Respondent's motion. ECF No. 29.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. On January 20, 2016, the Magistrate Judge issued a Report and Recommendation in which he recommended that the court grant Respondent's motion for summary judgment. ECF No. 43. Petitioner filed objections to the Report and Recommendation asking the court to not uphold the Magistrate Judge's recommendation in any form. (ECF No. 49.) For the reasons set forth below, the court

1

adopts the Report and Recommendation of the Magistrate Judge, **GRANTS** Respondent's motion for summary judgment and **DISMISSES** the Habeas Petition with prejudice.

## I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 16, 2007, Petitioner's wife, Katherine Herrera, was shot in the back of the head while in her home. ECF No. 27-1, 180-81. Petitioner phoned the police (ECF No. 27-2 at 95), and investigators arrived to find Katherine Herrera dead in the bathroom, slumped down to the floor next to the toilet. ECF No. 27-1 at 180-81.

On October 25, 2007, Petitioner was indicted in Beaufort County, South Carolina, for murder, in violation of S.C. Code § 16-3-10, and possession of a weapon during the commission of a violent crime, in violation of S.C. Code § 16-23-490. ECF No. 27-2 at 220-23. Petitioner proceeded to trial on March 16, 17, and 18, 2009, in the Court of General Sessions for Beaufort County, South Carolina, before the Honorable Thomas Cooper, Jr. ECF No. 27-1 at 5. He was represented by Lauren Carroway, Esquire and Gene Hood, Esquire. *Id.* The jury found Petitioner guilty of both murder and possession of a weapon during the commission of a violent crime. ECF No. 27-2 at 153. On March 18, 2009, Petitioner was sentenced to incarceration for a period of life without parole.

Petitioner filed a direct appeal to the South Carolina Court of Appeals in which he raised the following issues:

> 1. Whether the court erred by refusing to charge involuntary manslaughter when there was evidence the gun discharged accidentally but where appellant could be found to have been reckless particularly where a defense counsel correctly cited *State v. Light* and *State v. Burriss* in support of the request to charge?
>
> 2. Whether the court erred by refusing to charge accident, reasoning that appellant's statement alone was insufficient to justify the instruction, since what appellant told the police was evidence, and it provided evidence, in the

alternative, that the gun discharged accidentally where appellant was legally in possession of a gun in his own home, and the jury could have concluded the shooting was an accident particularly where defense counsel correctly cited *State v. Burriss* in support of the request to charge.

3. Whether the court erred by admitting State's Exhibit 7-12, photographs of holes in the wall particularly where Officer Patrilla testified the holes looked like they were caused by someone punching a hole in the wall, and Captain Bromage testified the photographs showed evidence of "domestic violence" where appellant told him the holes in the wall were months old since this evidence was not relevant to what happened at the time of the shooting and therefore it was just calculated to impermissible inference appellant was a violent person acting in conformance with that character trait?

Final Brief of Appellant, ECF No. 27-3 at 7.

Petitioner's convictions were affirmed by the Court of Appeals by an unpublished opinion filed on June 30, 2011. *See State v. Herrera*, 2011 WL 11734998 (S.C. Ct. App. June 30, 2011), ECF No. 27-3 at 58-61. The matter was remitted to the lower court on July 20, 2011. ECF No. 27-4.

Petitioner filed an application for post-conviction relief ("PCR") in the Court of Common Pleas for the County of Beaufort, South Carolina, on December 14, 2011. ECF No. 27-11. Petitioner raised the following grounds for relief:

A.  Ineffective assistance of counsel

    1.  Failure to argue Petitioner's first and second versions of events as a basis for requesting a jury charge of involuntary manslaughter and preserving the issue for appellate review.

    2.  Failure to object to certain portions of the solicitor's closing.

    3.  Failure to file a motion for change of venue.

    4.  Commission of a "*Doyle* violation."

B.  State failed to produce all the necessary ingredients for the conviction of murder as defined in Sec. 16-3-10.

C.    Court erred in admitting photographs.

D.    Court erred in denying requests for jury instructions.

*Id.*

A hearing on Petitioner's PCR application was held on April 2, 2013, before the Honorable Perry M. Buckner. Petitioner was represented by PCR counsel. Petitioner testified regarding only his ineffective assistance of counsel claims, arguing, among other things, that trial counsel failed to object to an erroneous jury instruction on malice. ECF No. 27-2 at 187-93. Trial counsel, Lauren Carroway, also testified regarding Petitioner's claims of ineffective assistance of counsel. *Id.* at 196-201.

On April 30, 2013, the PCR judge filed an order in which he found trial counsel to be credible and Petitioner to be not as credible at the PCR hearing. *Id.* at 211-19. The PCR judge determined that Petitioner's allegations of ineffective assistance of counsel were without merit and his remaining allegations were waived and dismissed due to Petitioner's failure to present evidence. *Id.* Regarding counsel's failure to object to the jury instruction on malice, the PCR judge found that the trial court gave "the standard malice charge" in South Carolina, and thus the charge was not objectionable. *Id.* at 216.

Petitioner, through counsel, filed a timely petition for writ of certiorari to the South Carolina Supreme Court. Petitioner raised the following issues:

A.    Whether trial counsel was ineffective for failing to object to a jury charge that malice could be inferred from the use of a deadly weapon where, if the issue had been preserved, petitioner would have received the benefit of *State v. Belcher*, 388 S.C. 597, 685 S.E.2d 802 (2009) on direct appeal?

B.    Whether trial counsel was ineffective in failing to obtain an involuntary manslaughter charge and preserve the request for a charge for appellate review?

ECF No. 27-5 at 2.

The South Carolina Supreme Court denied the petition for writ of certiorari on July 24, 2014. ECF No. 27-8. Remittitur was sent down on August 11, 2014. ECF No. 27-9.

In his § 2254 petition, Petitioner raises the following issues:

**Ground 1**:   Trial court erred in admitting photographs of holes in walls not relevant to the shooting and calculated to be an impermissible inference Petitioner had a violent character.

**Ground 2**.   Trial counsel was ineffective for failing to object to a jury charge that malice could be inferred from the use of a deadly weapon where, if the issue had been preserved, Petitioner would have received the benefit of *State v. Belcher*, 685 S.E.2d 802 (2009) on direct appeal.

**Ground 3**.   Trial counsel was ineffective for failing to obtain a jury instruction for voluntary manslaughter and preserve the request for a charge for appellate review.

ECF No. 1.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for a Report and Recommendation. The petition is governed by the terms of 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act, which became effective on April 24, 1996.

Respondent filed a motion for summary judgment on July 20, 2015. ECF No. 26. By order filed the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. ECF No. 28. After two extensions of time, Petitioner filed a response in opposition on October 1, 2015. ECF No. 39. In his response, Petitioner withdrew Grounds 1 and 3 of his Habeas Petition. On January 20, 2016, the Magistrate Judge issued his recommendation that the court grant Respondent's motion for summary judgment and dismiss

5

the Habeas Petition. ECF No. 43. Petitioner filed objections to the Magistrate Judge's Report and Recommendation on March 3, 2016. ECF No. 49.

## II.     LEGAL STANDARD AND ANALYSIS

### A.     Standard

#### 1.     Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

#### 2.     Exhaustion of Administrative Remedies

In almost all circumstances, petitioners seeking relief pursuant to 28 U.S.C. § 2254 must exhaust all available state court remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). Additionally, a court's review of a 28 U.S.C. § 2254 petition is limited by subsection (d) which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim

- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). A state court's decision is "contrary to . . . clearly established federal law [where it] applies a rule that contradicts the governing law set forth" by the Supreme Court of the United States or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a different result." *Williams v. Taylor*, 529 U.S. 362, 406 (2000). In contrast, a state court's decision "involves an unreasonable application of clearly established federal law if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of a particular state prisoner's case." *Id.* at 407. "The focus of federal court [habeas] review is on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D.Va. 1997), *appeal dismissed*, 139 F.3d 891 (4th Cir. 1998).

    3.    <u>Ineffective Assistance of Counsel</u>

Petitioner contends that he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner ordinarily must satisfy both parts of the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The petitioner first must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88. In making this determination, a court considering a habeas corpus petition "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. However, an error by counsel, even if professionally

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id.* at 691-92 (citing *United States v. Morrison*, 449 U.S. 361, 364–65 (1981)). "The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, the second prong of *Strickland* is that any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692.

**B.    Analysis**

Petitioner maintains only one ground in support of his Habeas Petition: trial counsel's failure to object to a jury instruction on malice. Petitioner contends that the Magistrate Judge erred in not finding trial counsel ineffective for failing to object to this jury instruction.

1.    Objections 6 and 7-14

In Objections 6 and 7-14, Petitioner argues that the Magistrate Judge incorrectly analyzed his claim under *State v. Belcher*, 685 S.E.2d 802 (S.C. 2009). In *Belcher*, the South Carolina Supreme Court held that "a jury charge instructing that malice may be inferred from the use of a deadly weapon is no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse or justify the homicide." *Id.* at 803-04. The jury charge given at Petitioner's trial was as follows:

> The law says that if one intentionally kills another with a deadly weapon, the implication of malice may arise. If facts are proven beyond a reasonable doubt sufficient to raise an inference of malice to your satisfaction, this inference would be simply an evidentiary fact to be taken into consideration by you the jury along with the other evidence in the case and you may give it such weight as you determine it should receive.

ECF No. 27-2 at 145-46.

Applying the holding of *Belcher* to the jury instruction given at his trial, Petitioner launches a two-prong argument: First, Petitioner argues that had his trial counsel objected to the malice charge given at trial, Petitioner could have used *Belcher* to support his direct appeal. The Magistrate Judge rejected this argument, first pointing out that *Belcher* was not decided until October 2009, over six months after Petitioner's trial. ECF No. 43 at 14. Trial counsel could not have made an objection based on precedent not yet in existence. *See Thomes v. State*, 426 S.E.2d 764, 765 (S.C. 1993) ("This Court has never required an attorney to anticipate or discover changes in the law, or facts which did not exist, at the time of the trial."). Furthermore, the Magistrate Judge points to explicit language in *Belcher*, in which the Supreme Court of South Carolina takes special care to limit the future application of its holding: "Because our decision represents a clear break from our modern precedent, today's ruling is effective in this case and for all cases which are pending on direct review or not yet final where the issue is preserved. . . . Our ruling, however, will not apply to convictions challenged on post-conviction relief." Petitioner first raises his *Belcher* argument during his PCR hearing. ECF No. 27-2 at 189.

While it would seem that neither this court nor the PCR court could retroactively apply *Belcher* to Petitioner's case, Petitioner asks the court to consider how the *Belcher* ruling *may* have retroactively applied to his direct appeal. Petitioner filed his direct appeal in 2010 (ECF No. 27-3 at 3), well after the Supreme Court's 2009 *Belcher* ruling. Had trial counsel objected to the malice charge, Petitioner's argument follows, the issue would have been preserved for appeal. While Petitioner is likely correct in his hypothetical, Petitioner *did not* preserve the *Belcher* issue in his initial appeal to the South Carolina Court of Appeals. Therefore, *Belcher* cannot be applied retroactively. *See King v. McFadden*, No. 1:14-CV-00091-JMC, 2015 WL 5036941, at *4

(D.S.C. Aug. 26, 2015) (finding that *Belcher* could not be applied retroactively where petitioner did not preserve the issue in his direct appeal).

The second-prong of Petitioner's argument, specifically Objections 6-7, 9-10, and 12, attempts to sidestep the bar to *Belcher's* retroactive application: Petitioner argues that trial counsel should have objected to the malice jury instruction based on pre-*Belcher* case law. Petitioner relies on precedent in which the United States Supreme Court held that a "presumption" of malice from the use of a deadly weapon in a South Carolina jury instruction was unconstitutional. *Yates v. Evatt*, 500 U.S. 391, 400-01 (1991) (citing *Sandstrom v. Montana*, 442 U.S. 510, 524). However, the jury charge at issue makes no reference to the "presumption" of malice, so the court finds *Yates* and *Sandstrom* inapplicable here. Petitioner's objections are without merit.

Petitioner also launches two general objections, Objections 13 and 14, to the following conclusions reached by Magistrate Judge in his *Belcher* analysis: Petitioner failed to show that the PCR court (1) unreasonably applied precedent, and (2) reached an unreasonable determination of the facts given the evidence and record. Given the court's heretofore mentioned *Belcher* analysis, the court finds that the Magistrate Judge properly drew these conclusions. Petitioner's objections are without merit.

2.     Objections 5 and 15

Petitioner asserts that the Magistrate Judged erred in applying *Strickland v. Washington*, 466 U.S. 668, 687 (1984) to his claim, arguing that trial counsel's failure to object to the malice jury charge constituted deficient performance under *Strickland*. ECF No. 49. However, *Strickland* dictates that a petitioner must demonstrate that he was prejudiced by trial counsel's

deficient performance, such that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. *Srickland*, 466 U.S. at 694. Given that the court has already determined the malice jury charge was not objectionable at the time of trial, Petitioner cannot demonstrate that counsel's objection would have led to a different result. Petitioner's objections are without merit.

    3.    <u>Objection 17</u>

Petitioner contends that the Magistrate Judge erred in concluding that there is no genuine dispute of material fact and granting Respondent's motion for summary judgment. A party will prevail on summary judgment if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). As previously discussed, the Magistrate Judge properly rejected the sole remaining ground for Petitioner's ineffective assistance of counsel claim; therefore summary judgment is appropriate. Petitioner's objection is without merit.

    4.    <u>Objections 2 and 3</u>

In Objections 2 and 3, Petitioner contends that the Magistrate Judge erred in not "apply[ing] the facts" as they related to counsel's failure to secure a jury charge for accident and involuntary manslaughter. These objections relate to Ground 3 of Petitioner's Habeas Petition; however, Petitioner withdrew Ground 3 in his response to Respondent's motion for summary judgment. Petitioner's withdrawal of Ground 3 constitutes an express waiver of his claim. *See Eady v. Veolia Transp. Servs.*, Inc., 609 F. Supp. 2d 540, 561 (D.S.C. 2009). As such, the court will not consider these objections.

    5.    <u>Objections 18 and 19</u>

Petitioner objects to the Magistrate Judge denying his certificate of appealability; however, the Magistrate Judge has not denied a certificate but has instead made a recommendation to this court. As Petitioner correctly notes, the granting or denying of a certificate of appealability is within the province of this court, and it will be addressed below.

6.   <u>Objections 1, 4, and 16</u>

Petitioner's remaining objections are vague or difficult for the court to decipher. In Objection 1, it is uncertain which constitutional claim Petitioner asserts has been rephrased and inadequately addressed by the Magistrate Judge. With respect to Objection 4, it is unclear that the Magistrate Judge has incorrectly determined malice to include facts occurring "in the state of mind after the incident," as Petitioner asserts. Finally, Objection 16 appears to be a broad, summary objection of the preceding objections. Petitioner's objections are without merit.

### III.   CONCLUSION

The court concurs in the Report and Recommendation. For the reasons stated, Respondent's motion for summary judgment (ECF No. 26) is **GRANTED**.   Petitioner's petition for a writ of habeas corpus is **DENIED** and dismissed, with prejudice.

### IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases, as effective December 1, 2009, provides that the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive

procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing. Accordingly, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

     s/ Margaret B. Seymour
MARGARET B. SEYMOUR
SENIOR UNITED STATES DISTRICT JUDGE

March 30, 2016
Columbia, South Carolina